UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED STATES OF AMERICA**

v

**JOHN ARMSTRONG, JR.**

Case Number: 6:19-cr-224-WWB-EJK

USM Number: 72775-018

Dale Marie Merrill, CJA
PO Box 2139
Crystal River, FL 34423

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Counts One, Three, Four, Nine, Ten, Eleven, and Twelve of the Second Superseding Indictment. The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. §§ 1951(a) and 1951(b) | Hobbs Act Robbery | June 14, 2019 | One |
| 18 U.S.C. § 2113(a) | Bank Robbery | July 31, 2019 | Three |
| 18 U.S.C. § 924(c)(1)(A)(ii) | Using, carrying, and brandishing a firearm during and in relation to a Crime of Violence | July 31, 2019 | Four |
| 18 U.S.C. §§ 2113(a) and 2 | Aiding and Abetting Attempted Bank Robbery | September 25, 2019 | Nine |
| 18 U.S.C. §§ 924(c)(1)(A)(ii), and 2 | Aiding and abetting the use, carrying, and brandishing of a firearm during and in relation to a crime of violence | September 25, 2019 | Ten |
| 18 U.S.C. §§ 2113(a) and 2 | Aiding and abetting bank robbery | September 26, 2019 | Eleven |
| 18 U.S.C. §§ 924(c)(1)(A)(ii), and 2 | Aiding and Abetting the Use, Carrying and Brandishing of a Firearm During and in Relation to a Crime of Violence | September 26, 2019 | Twelve |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Counts Two, Thirteen, and Fifteen in the Second Superseding Indictment, as well as all counts in the initial Indictment and the first Superseding Indictment are **DISMISSED** in accordance with the Plea Agreement (Doc. 133).

**IT IS ORDERED** that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall

John Armstrong, Jr.
6:19-cr-224-WWB-EJK

notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:

April 8, 2021

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

April 14th, 2021

John Armstrong, Jr.
6:19-cr-224-WWB-EJK

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **Four hundred twenty (420) months**. This term consists of a 168-month term as to Counts One, Three, Nine, and Eleven, to be served concurrently, and a 84 month term as to each of Counts Four, Ten, and Twelve, all such terms to run consecutively to each other and consecutively to the term imposed on Counts One, Three, Nine, and Eleven.

The Court recommends to the Bureau of Prisons that the defendant be placed at a facility where he can participate in the Residential Drug Abuse Program (RDAP) and receive mental health treatment.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:

_____
Deputy U.S. Marshal

AO 245B (Rev. 09/19) Judgment in a Criminal Case

John Armstrong, Jr.
6:19-cr-224-WWB-EJK

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of **5 years**. This term consists of a 3-year term as to Counts One, Three, Nine, and Eleven, a 5-year term as to Counts Four, Ten, and Twelve, all such terms to run concurrently.

## MANDATORY CONDITIONS

1. You must not commit another federal, state, or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of controlled substance. You must submit to one drug test within 15 days of placement on supervision and at least two periodic drug tests thereafter as directed by the probation officer. You must submit to random drug testing not to exceed 104 tests per year.
4. You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution.
5. You must cooperate in the collection of DNA as directed by the probation officer.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

The defendant shall also comply with the additional conditions as follows.

AO 245B (Rev. 09/19) Judgment in a Criminal Case

John Armstrong, Jr.
6:19-cr-224-WWB-EJK

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within **72 hours**.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you

AO 245B (Rev. 09/19) Judgment in a Criminal Case

John Armstrong, Jr.
6:19-cr-224-WWB-EJK

      must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13.   You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature:_____       Date:_____

John Armstrong, Jr.
6:19-cr-224-WWB-EJK

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1. The defendant shall participate in a substance abuse program (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive. Further, the defendant shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Substance Abuse Treatment Services. During and upon completion of this program, the defendant is directed to submit to random drug testing.

2. The defendant shall participate in a mental health treatment program (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive. Further, the defendant shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Mental Health Treatment Services.

3. The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or making an obligation for any major purchases without approval of the probation officer. The defendant shall provide the probation officer access to any requested financial information.

4. The defendant shall submit to a search of his or her person, residence, place of business, any storage units under the defendant's control, or vehicle, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation. The defendant shall inform any other residents that the premises may be subject to a search pursuant to this condition.

5. The defendant shall cooperate in the collection of DNA, as directed by the probation officer.

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments set forth in the Schedule of Payments.

|  | **Assessment** | **Restitution** | **Fine** |
|---|---|---|---|
| TOTALS | $700.00, due immediately. | $173,575.99 | Waived |

The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(l), all nonfederal victims must be paid in full prior to the United States receiving payment.

AO 245B (Rev. 09/19) Judgment in a Criminal Case

| Name of Payee | Total Loss[1] | Restitution Ordered |
|---|---|---|
| BB&T Bank<br>151 N. State Road 434<br>Altamonte Springs, FL 32714 | $22,225.99 | $22,225.99 |
| 7-Eleven<br>17390 N. Tamiami Trail<br>North Fort Myers, FL 33903 | $350.00 | $350.00 |
| Bank of Ozarks<br>3855 N. Tamiami Trail<br>Punta Gorda, FL 33950 | $151,000.00 | $151,000.00 |

## SCHEDULE OF PAYMENTS

While in the custody of the Bureau of Prisons, the defendant shall either (1) pay at least $25.00 quarterly if working non-Unicor or (2) pay at least 50 percent of his or her monthly earnings if working in a Unicor position. Upon release from custody, the defendant is ordered to begin making payments of $50.00 per month and this payment schedule shall continue until such time as the Court is notified by the defendant, the victim or the government that there has been a material change in the ability to pay. **The Court finds that the defendant does not have the ability to pay interest and the Court waives the interest requirement for the restitution.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk, U.S. District Court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

---

[1] Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/19) Judgment in a Criminal Case

John Armstrong, Jr.
6:19-cr-224-WWB-EJK

## Joint and Several

Restitution shall be paid jointly and severally with:
Case Number: 6:19-CR-224-WWB-EJK
Defendant and Co-Defendant Names: with Tanya M. Legg (2) and Daniel Zirk (3).
*(including defendant number)*

| Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|
| $173,575.99 | $22,225.99 | BB&T Bank |

The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).